No attorneys given.

No. 576
NEWMAN et v. GRIFFIN
Ohio Appeals, 6th Dist., Lucas Co.
No. 1533. Decided May 18, 1925.

1271. WILLS—In case of intestacy of wife, husband will receive estate in fee when land came by way of purchase to wife, there being no children.

923. PLEADINGS—Where defendant has admitted an allegation in petition, though he is the only one bound by it; and when he has permitted case to proceed on the fact admitted, he cannot later dispute same.

RICHARDS, J.

On April 12, 1920 Jennie Griffin executed an instrument purporting to be her last will and testament and by its terms all her property, real and personal was given to her husband Cornelius Griffin for life and at his death the will provided that the same should pass to Chas. Newman. Upon probate of the will the husband brought an action to contest it and it was declared invalid. A motion for a new trial was sustained and on re-trial a judgment was rendered declaring the will not to be the last will and testament of Jennie Griffin.

Error from the judgment in the Lucas Common Pleas was prosecuted, and Newman contended that certain parties were heirs of Jennie Griffin, deceased, who were necessary parties to the suit, and without whose presence the case could not be tried. It was also contended that non-expert witnesses were permitted to pass their opinions upon the mental capacity of the testatrix at a time when she was not the observation of said witnesses.

Newman also claimed that under the property in question was ancestral and in the event the will was set aside Cornelius Griffin would only be entitled to a life estate and upon his death the property would pass to the heirs of Mrs. Griffin. Griffin contended that the property was owned by a sister of Mrs. Griffin's who devised it to one, Wallace, who was in no manner related to his wife, said Wallace having conveyed the property by deed to Mrs. Griffin. The Court of Appeals held:

1. In view of the other evidence in the case the opinions of non-expert witnesses were not prejudicial for such witnesses had been seeing and observing Mrs. Griffin daily and so near the precise hour at which the will was executed that the admission of the evidence could not be prejudicial error for the reason of such opinions. Dunlap, exc. v. Dunlap et. 89 OS. 28, 33.

2. Exception was taken in permitting exhibits to go to the jury The ruling of the court was entirely correct in that respect. Exhibits introduced in evidence may always be sent to the jury, unless, of course, in cases where some part of the exhibit was held to be incompetent, or where objection is sustained to a portion of a deposition.

3. The answer filed by Newman admitted the allegation in Griffin's petition that he was the sole heir at law. It is true that the admission would not bind anyone except the answering defendant, but after having made that solemn admission, and permitted the case to be tried with that fact admitted, he will not be permitted to now dispute the same. Trepanier v. T. & O. C. Ry. Co. 102 OS 69.

4. Title to real estate owned by Jennie Griffin could not be one by descent, devise or deed of gift from an ancestor within the meaning of 8573 GC., unless it came to her "immediately" from her sister. Coming as it did by way of deed from Wallace the title is one by purchase under 8574 GC. and in the event of intestacy, her husband would take an estate in fee, there being no children. Prickett et. v. Parker 3 OS. 395.

Finding no prejudicial error the judgment of the Common Pleas will be affirmed.

Attorneys—Marion W. Bacombe, for Newman, John Schlatter, for Griffin; both of Toledo.